```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JUAN MANUEL CASTILLO,                    :
                                         :
                         Petitioner,     :     07 Civ. 836 (DLC)
                                         :
            -v-                          :     OPINION & ORDER
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                         Respondent.     :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Petitioner:

Steven M. Witzel
Jennifer L. Colyer
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

For Respondent:

Glen A. Kopp
Assistant United States Attorney
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007

DENISE COTE, District Judge:

Juan Manuel Castillo ("Castillo") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to overturn his conviction following trial on narcotics charges in 2004. The Honorable Douglas Eaton has recommended in a report dated October 28, 2009 ("Report") that the petition be denied, and for the following reasons, that recommendation is adopted.

BACKGROUND

Castillo was charged in a two-count indictment with participating in two narcotics conspiracies in violation of 21 U.S.C. § 846. The conspiracies involved the distribution of kilograms of cocaine. The first related to fifteen kilograms seized in February 2001; the second related to fifteen kilograms seized in December 2001.

Castillo was represented at trial by retained counsel Glendon B. Adams, Esq. ("Adams"), and Castillo's petition asserts that Adams provided ineffective assistance at trial. Judge Eaton recommends that the petition be denied because Castillo has not shown prejudice, a necessary element of his Strickland claim. See Strickland v. Washington, 466 U.S. 668, 693-94 (1984). As described in considerable detail in the Report, the evidence against Castillo was overwhelming.

In brief, court-authorized wiretaps and testimony from co-conspirators established that Castillo, who was known by the nickname "Gago", and his partner Faridi arranged to deliver cocaine from Texas to New York. The first conspiracy involved a delivery to a Bronx cocaine distribution organization run by Carlos Silverio and Roberto Rodriguez. On February 27, 2001, FBI agents stopped Rodriguez in the Bronx, searched the Honda

minivan he was driving, and seized fifteen kilograms of cocaine from the van.

    About ten months later, on December 14, 2001, acting on an informant's tip, a New York City Police Department detective seized a grey 1996 Land Rover and discovered fifteen kilograms of cocaine hidden in a secret trap in its roof.  Porfirio Martinez testified at trial that he owned a garage in the Bronx and that Castillo, whom he knew as Gago, and Faridi had paid him to build secret traps for a number of Castillo's vehicles, including the seized Land Rover.  Martinez explained that Castillo visited him near the end of 2001, complaining that the Land Rover had disappeared while carrying nineteen to twenty-one kilograms of drugs, and that he suspected that it had been stolen.  The FBI photographed Castillo visiting the garage on January 11, 2002.

    Francisco Batista also testified about the December events. He explained that he unloaded drugs from five cars, including a Land Rover, in Manhattan for Castillo (whom he also knew as Gago) and Faridi between late January 2001 and late February 2002.  According to Batista, in late December 2001, Sylvia Suarez drove the Land Rover from Houston to New York, at which point he and Faridi took it and parked it in a garage.  There were thirty kilograms of cocaine hidden in the rooftop trap, and he and Faridi removed half of the drugs.  Castillo arrived the

3

next day and stayed overnight with Batista.  When Castillo and Batista learned from a building superintendent that the Land Rover had been taken by the police, Castillo accused Batista of stealing the car and its remaining drugs.  Castillo ordered Batista to go to the police station with Suarez, in whose name the car was registered, and report that the vehicle had been stolen.

    Police officers testified that Batista, Suarez, and a Sophia Cole visited the 30th precinct police station to report a stolen car.  The police told Suarez that they had seized the Land Rover, but believed that the vehicle was stolen.  Pen register information showed that Suarez called Castillo's pager during the weeks that followed.

    When Castillo was arrested on April 14, 2003, he had several items in his wallet that confirmed his nickname and connection with his co-conspirators.  These items included a nightclub card with his nickname Gago.

    The Honorable John Sprizzo presided over Castillo's jury trial, at which Adams served as defense counsel.  Castillo was convicted on both counts, and on February 23, 2005, Judge Sprizzo imposed concurrent sentences of 180 months' imprisonment.  Following trial, Castillo retained Valerie Amsterdam, who filed an unsuccessful motion for a new trial on Castillo's behalf and represented him at the sentencing.

4

The law firm of Feldman & Feldman represented Castillo on appeal.  The conviction was summarily affirmed on May 31, 2006.  In January 2007, Castillo filed a pro se petition alleging that Adams had provided ineffective assistance of counsel.  The Honorable Peter Leisure appointed Steven M. Witzel to represent Castillo in October 2007, and Mr. Witzel continues to act on his behalf in connection with this habeas petition.  On September 5, 2008, Mr. Witzel submitted his memorandum in support of the petition.  The briefing was fully submitted on December 5, 2008.  Following Judge Sprizzo's death, this case was reassigned twice, ultimately being reassigned to this Court on February 6, 2009.  The Report was issued on October 28, 2009, and Mr. Witzel submitted his objections to the Report on November 24, 2009.

## DISCUSSION

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is

no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Kirk v. Burge, No. 07 Civ. 7467 (LTS), 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009).

The objections summarily adopt all of the arguments made during the prior briefing. In his objections, Castillo specifically addresses only one portion of the Report: its analysis of Adams's failure at trial to elicit from Detective John Barry the fact that he had previously testified in the grand jury to Batista's ownership of the fifteen kilograms of cocaine hidden in the roof of the Land Rover. Castillo has not shown, however, that such an examination of the trial witness would have been permitted or that it could have made any difference in the verdict.

Detective Barry testified at trial about his search of the Land Rover and the December 2001 discovery of the hidden fifteen kilograms of cocaine. He had previously testified about these matters before the grand jury on July 1, 2003. When asked in the grand jury whether he had learned if the drugs were being delivered to Francisco Batista, Detective Barry answered, "[Batista] was the actual owner of the drugs." The Report

6

explained that there can be more than one owner of a load of cocaine and that this grand jury testimony did not contradict the Government's assertion at trial that Castillo was an owner of the drugs. Indeed, as the Report points out, four weeks before that grand jury testimony, the Government had filed a superseding indictment charging Castillo with the December 2001 conspiracy as well as the earlier conspiracy. And, it was not until four months after the detective's grand jury testimony that Batista began to attend proffer sessions with the Government.

As significantly, Castillo does not explain why the proposed confrontation of the detective with his grand jury testimony on cross-examination would have been proper or admissible. The detective was not competent to testify as to ownership of the drugs, and Castillo does not point to any portion of the direct testimony that could have been properly impeached or contradicted by this passage from the grand jury testimony.

As the Report explains in detail, there was overwhelming evidence of Castillo's guilt for both of the counts on which he was convicted. The wiretaps, photographs, pen register data, documents taken from Castillo, seized drugs, and the testimony from co-conspirators presented interlocking evidence that he supplied New York drug organizations with cocaine transported

7

from Texas. Castillo has failed to identify any reasonable probability that but for counsel's unprofessional errors, the result of the trial would have been different. Strickland, 466 U.S. at 694.

## CONCLUSION

Careful review of the Report reveals that there is no facial error in its conclusions. For the reasons given in this Opinion and Order, Castillo's objections to the Report are denied following a de novo review of his claims. Castillo's petition is denied. In addition, the Court declines to issue a certificate of appealability. Castillo has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         March 22, 2010

                              _____
                              DENISE COTE
                              United States District Judge

COPIES SENT TO:

Glen A. Kopp
Assistant U.S. Attorney
One St. Andrew's Plaza
New York, NY 10007

Steven M. Witzel
Fried Frank Harris Shriver
& Jacobson, LLP
One New York Plaza
New York, NY 10004-1980